[S. F. No. 4561.   Department Two.—March 12, 1908.]

GOTTLIEB SCHMIERER, Appellant, v. MUTUAL RESERVE FUND LIFE ASSOCIATION, Respondent.

LIFE INSURANCE—ASSESSMENT INSURANCE—PROVISION FOR INCREASE OF RATE OF PREMIUM.—A provision in a certificate of life insurance, issued by an assessment life insurance association, that the "rate of the mortuary premiums may be changed to correspond with the actual mortality experience of the association," is an unequivocal declaration of the reserved right of the company to increase its premiums as the exigencies of its business may require.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Wal. J. Tuska, for Appellant.

Van Ness & Redman, for Respondent.

THE COURT.—Respondent, an assessment life insurance association, issued in 1884 to one  James D. Marvin a certificate of life insurance in the sum of five thousand dollars.

Marvin for several years was the agent of respondent in San Francisco. The certificate required the payment of annual dues of ten dollars and also bi-monthly assessments, the amount of which was dependent upon the mortality experience of the association. Marvin assigned his certificate to plaintiff and on April 5, 1889, a new certificate was issued in which plaintiff was payee. By the terms of this certificate it was provided that "within thirty days from the first week day of the months of February, April, June, August, October and December of each and every year during the continuance of this certificate or policy of insurance as there shall be payable to the Association a mortuary premium for such an amount as the executive committee of the Association may deem requisite, which amount shall be at such rate, according to the age of each member, as may be established by the Board of Directors, and the net amount received, as provided in the Constitution or By-Laws of said Association, less twenty-five per cent to be set apart for the Reserve Fund, shall go into the Death Fund to meet the current mortality of the Association." And it was further provided in said certificate that the "rate of the mortuary premiums may be changed to correspond with the actual mortality experience of the Association."

The assessments levied on the certificate were duly paid until June 30, 1903, when default was made in the payment of a bi-monthly assessment. The assessment was levied on May 31, 1903, and called for the payment of $37.65 within thirty days thereafter. Plaintiff refused to pay this assessment and tendered the defendant the sum of $11.86, which amount plaintiff refused to accept and thereafter declared the contract forfeited. Plaintiff then brought this action to recover the amounts which had been paid under the contract. He contends that $11.86 is the maximum amount of the bi-monthly assessment which can be levied against him under the terms of his contract of insurance. The trial court held to the contrary and this appeal is taken. The determination of this question depends upon the construction to be given to the contract.

Appellant's position is that by the terms of this contract he was entitled to insurance for a fixed premium bi-monthly of $11.86, notwithstanding the fact that at the time when

the insurance was issued and when Marvin was forty-two years of age the rate in an old-line, level premium insurance company would have been more than twice that amount, and that for the increase of the years no advance could be made in the premiums of an insurance company operating upon a mutual assessment plan notwithstanding the increased risk to the insurer.

If this contention expresses the true meaning of the contract, then it needs no argument to disclose that the insurance company itself was conducting its operations upon a most reckless basis and issuing contracts which could but end in its ruin.

We think, however, by a reading of the clauses above quoted, and others, which while pertinent to the question, are not necessary here to be set forth at length, since they are provisions designed to effectuate the payments of the rates to be fixed from time to time, that it is clear that the interpretation sought for by this appellant is not only in violation of every principle of assessment insurance. but is in direct conflict with the provisions of the certificate itself. The one declaration contained in the certificate that the "rate of the mortuary premiums may be changed to correspond with the actual mortality experience of the Association" is itself an unequivocal declaration of the reserved right of the company to increase its premiums as the exigencies of its business may require. This construction of the contract is in accord with that given to a like contract in the case of *Gaut* v. *Mutual Reserve Fund Life Assoc.*, 121 Fed. 403.

For these reasons the judgment and order appealed from are affirmed.